testified that the nerve injury and loss of sensation in the forehead near the wound were permanent in nature. A neurosurgeon also examined her at the hospital, diagnosed her injuries as a cervical sprain, cerebral concussion and found that "her ability to detect touch and pain were not normal in the right forehead and right front part of the scalp near where she had been injured". He further testified that if the nerves in this area were, as he presumed, damaged, there would be no regeneration after three years of numbness. Defendant's medical expert testified that an examination conducted by him some two years following the accident revealed questionable permanency and that in his opinion "she still had residual pain", which possibly resulted from an aggravation of a congenital defect in her neck. ¶ Issues of credibility were for the jury (*Marton* v. *McCasland*, 16 A D 2d 781); and it is settled that a jury verdict for the plaintiff may not be disregarded and set aside unless the evidence so preponderates in favor of the defendant that a verdict for the plaintiff could not be reached upon any fair interpretation of the evidence (*Merced* v. *Harris*, 26 A D 2d 523); nor should a jury verdict be set aside merely because the Trial Judge might have decided differently (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4404.09). As we have had occasion to say, "A verdict for personal injuries should not be reduced or a new trial granted where there is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony [citing cases]." (*Rice* v. *Ninacs*, 34 A D 2d 388, 390.) In that case we also restated the long-established principle that "we should not substitute our judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock our consciences" (p. 390); and we cannot here say that the verdict shocks our conscience. (Appeal from order of Niagara Trial Term, setting aside verdict in automobile negligence action.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EZELL VANCE, Appellant.— Judgment unanimously affirmed. Memorandum: In reliance upon *People* v. *Roston* (37 A D 2d 624) the defendant claims he was not given an opportunity to admit or deny or stand mute with respect to the question of his addiction. In view of defendant's admission in open court that he was an addict, we find no issue. (Appeal from judgment of Erie County Court convicting defendant of robbery, second degree and attempted criminal possession of forged instrument.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

■ CHARLES KESSLER et al., Respondents, v. FRANK A. BREIT, Appellant.— Order unanimously affirmed, with costs, with leave to appellant to file an amended answer, within 20 days of the order entered hereon, invoking subdivision 6 of section 29 of the Workmen's Compensation Law if so advised. (See *Fabrizio* v. *Fader*, 6 A D 2d 1015.) (Appeal from order of Monroe Special Term granting motion to dismiss affirmative defense in automobile negligence action.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

■ DONNA M. WIRTH, Respondent, v. RICHARD C. WIRTH, Appellant. (Appeal No. 1.) — Order unanimously affirmed, without costs. (See *Frost* v. *Frost*, 38 A D 2d 786; *De Gasper* v. *De Gasper*, 31 A D 2d 886.) (Appeal from order of Wayne County Family Court granting temporary support.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

■ DONNA M. WIRTH, Respondent, v. RICHARD C. WIRTH, Appellant. (Appeal No. 2.) — Order unanimously affirmed, without costs. (Appeal from order of protection of Wayne County Family Court.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Henry, JJ.

■ VALENTINE SCHESSER et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Motion unanimously granted and peti-